IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00693-BNB

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,

    Plaintiff,

v.

RUSSELL E. GREEN, and
NICOLE K. GREEN,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 6 2010

GREGORY C. LANGHAM
CLERK

---

ORDER FOR SUMMARY REMAND

---

Defendant Russell E. Green has filed *pro se* a "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" and a document titled "Removal to Federal Court - 28 U.S.C. Sec 1441 - Federal Question of Real Property in Interest - Dismiss Foreclosure Filed in State Court." The 28 U.S.C. § 1915 motion will be granted. Mr. Green has removed to this Court case number 10CV1007 filed in the District Court for the City and County of Denver, Colorado.

The Court must construe the notice of removal liberally because Mr. Green is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be remanded to the state court.

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed

there originally." ***Topeka Housing Authority v. Johnson***, 404 F.3d 1245, 1247 (10th

Cir. 2005). A notice of removal must contain "a short and plain statement of the

grounds for removal, together with a copy of all process, pleadings, and orders served

upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "The

removing party has the burden to demonstrate the appropriateness of removal from

state to federal court." ***Baby C v. Price***, 138 F. App'x 81, 83 (10th Cir. 2005).

The Court has reviewed the notice of removal and finds that it is deficient. First,

removal under §§ 1441 and 1446 generally requires that all defendants join in the

removal petition, and the notice of removal in the instant action is signed only by Mr.

Green. ***See, e.g., Akin v. Ashland Chemical Co.***, 156 F.3d 1030, 1034 (10th Cir.

1998) (discussing exception to general removal rule for federal officer removal under 28

U.S.C. § 1442). In addition, Mr. Green fails to provide a short and plain statement of

the grounds for removal that demonstrate this Court has jurisdiction over the instant

action, and he has not provided copies of all process, pleadings, and orders served on

him in the state court proceedings.

With respect to the jurisdiction question, Mr. Green refers in the notice of

removal to both diversity jurisdiction and federal question jurisdiction. However, to the

extent he is relying on diversity jurisdiction, it appears that the instant action is not

removable:

> Any civil action of which the district courts have original
> jurisdiction founded on a claim or right arising under the
> Constitution, treaties or laws of the United States shall be
> removable without regard to the citizenship or residence of
> the parties. Any other such action shall be removable only if
> none of the parties in interest properly joined and served as
> defendants is a citizen of the State in which such action is

2

brought.

*See* 28 U.S.C. § 1441(b).  Mr. Green alleges that he is a resident of the State of Colorado and the instant action was filed originally in the District Court for the City and County of Denver, Colorado.  Therefore, even if there is diversity of citizenship, it does not appear that the instant action may be removed on the basis of diversity jurisdiction.

Although Mr. Green also refers to federal question jurisdiction, he fails to provide a short and plain statement of the federal question that supports removal of this action. In order to establish federal question jurisdiction, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." ***Caterpillar Inc. v. Williams***, 482 U.S. 386, 392 (1987).  Mr. Green has not provided the Court with a copy of Plaintiff's complaint and he fails to allege facts that demonstrate the existence of a federal question on the face of Plaintiff's complaint.  It appears that Mr. Green may be seeking to remove this action because he intends to raise a federal defense.  However, except for narrow circumstances that do not appear to be present in this action, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." ***See Johnson***, 404 F.3d at 1247.

For these reasons, the Court finds that the notice of removal is procedurally and substantively deficient.  As a result, the instant action will be remanded summarily to the state court.  Accordingly, it is

ORDERED that the "Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" filed on March 22, 2010, is granted.  It is

FURTHER ORDERED that this action is remanded summarily to the District Court for the City and County of Denver, Colorado.  It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the District Court for the City and County of Denver, Colorado.

DATED at Denver, Colorado, this 16th day of April , 2010.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-00693-BNB

Russell E. Green
6940 E. 4th Ave
Denver, CO 80220

Nicole K. Green
6940 E. 4th Ave
Denver, CO 80220

District Court for the City - **CERTIFIED**
and County of Denver
1437 Bannock St. Rm 108
Denver, CO 80202

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on 4|16|10

GREGORY C. LANGHAM, CLERK

By: _____
             Deputy Clerk